UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62715-BLOOM/Valle

ROBERT SWEDROE ARCHITECT PLANNERS, A.I.A., P.A.,

    Plaintiff,

v.

J. MILTON & ASSOCIATES, Inc., *et al*.,

    Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Caymares Martin Architectural & Engineering Design, Inc.'s ("Caymares") Motion to Dismiss, ECF No. [25], and Defendant J. Milton & Associates, Inc.'s ("Milton"), ECF No. [26] (together, the "Motions").[1] The Court has carefully reviewed the Motions, all opposing and supporting materials, the record and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

**I.     BACKGROUND**

Plaintiff Robert Swedroe Architect Planners, A.I.A., P.A. ("Plaintiff" or "Swedroe"), commenced this action by filing its Complaint on November 8, 2018, asserting several claims against the Defendants (the "Complaint"). *See* ECF No. [1]. Specifically, in its five-count Complaint, Plaintiff asserts the following claims: (1) a claim for copyright infringement against Defendant Caymares; (2) a claim for copyright infringement against Defendant Milton; (3) a claim for contributory copyright infringement against Defendant Milton; (4) a second claim for copyright

---

[1] For ease of reference, the Court collectively refers to all Defendants represented in the Motions as "Defendants."

infringement against Defendant Milton; and (5) a claim for contributory copyright infringement against CALM Properties, LLC.[2]

Plaintiff Swedroe is an architectural firm. *Id.* at ¶ 9. On or about June 2013, Swedroe was hired by CALM Properties, LLC, to prepare certain plans, specifications and other documents (collectively the "Plans") in connection with a proposed residential building at the property located at 601 Dania Beach Boulevard, Broward Country, Florida (the "Project"). *Id.* at ¶ 13. The contract entered into between Plaintiff and CALM Properties, LLC, was based on the Standard Form Agreement Between Owner and Architect, American Institute of Architects Document B141 (the "Contract"). Pursuant to the Contract, Swedroe was to prepare the Plans for the Project in order to obtain the approval of Dania Beach Planning (the "Planning Board") for the Project ("Phase I"). *Id.* at ¶ 14. Upon obtaining the requisite approval for the Project, Swedroe was then to prepare the Plans of the Project necessary in order to obtain a building permit and a construction contract ("Phase II"). *Id.* Phase I was allegedly successfully completed and the Planning Board approved the Project. *Id.* at ¶ 15.

On or about April 2018, CALM Properties, LLC sold the property to Defendant Milton. *Id.* at ¶ 16. As part of the sale, Defendant Milton was provided a copy of the Plaintiff's Plans. *Id.* at ¶¶ 4, 17. Defendant Milton then entered into an agreement with Defendant Caymares for architectural services. *Id.* at ¶ 18. The Complaint alleges that Defendant Milton has received an "Administrative Approval" and is moving forward with the Project, based on the Plans prepared by the Plaintiff. *Id.* at ¶ 19.

Swedroe's technical drawings and architectural work for the Project were submitted to the

---

[2] Plaintiff voluntarily dismissed this action against Defendant CALM Properties, LLC, on January 21, 2019. *See* ECF No. [43]. In light of the Plaintiff's voluntary dismissal of CALM Properties, LLC, and because Count Five, asserts a claim for contributory copyright infringement solely against CALM Properties, LLC, the Court will dismiss this claim without prejudice.

United States Copyright Office on February 28, 2018. *Id.* at ¶ 20. Plaintiff has attached its Certificate of Registration from the United States Copyright Office for the Plans to the Complaint as Exhibit "C." *See* ECF No. [1-4]. Plaintiff asserts that "[a]t no time did Swedroe expressly or impliedly authorize J Milton or Caymares to copy or derive any portion of its Plans and designs." *Id.* at ¶ 22.

Plaintiff asserts that Calm Properties had access to Swedroe's architectural plans for the Project, and that the Plans and designs were available in the public record. *Id.* at ¶ 29. Plaintiff further asserts that Defendant Caymares copied original elements of Swedroe's plans and designs for the Project. *Id.* at ¶ 30. The Complaint alleges that Defendant Caymares' Project design is "substantially similar, if not strikingly similar," to Plaintiff's design, both as to the exterior and interior portions of the building. *Id.* at ¶ 31. Plaintiff asserts that both Defendants Caymares and Milton made copies of its Plans and drawings, without prior authorization, thereby infringing upon Plaintiff's copyrighted work. *Id.* at ¶¶ 30, 33, 38, 46, 55, 67, 76. These copies were allegedly made for third parties including, but not limited to, the developers of the Project, contractors, subcontractors, engineers, real estate brokers and agents, print publications, and advertising agencies. *Id.* at ¶¶ 33-34, 38, 46, 55, 67, 76.

Defendants now seek dismissal of the Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

## II.     LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations."). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

4

**III. DISCUSSION**

In the Motions, Defendants assert that the Complaint and/or certain claims should be dismissed because (1) the Complaint fails to state claims for copyright infringement; (2) factual discrepancies between the Complaint's general allegations and the Complaint's exhibits warrant dismissal; (3) the Complaint fails to sufficiently plead a claim for contributory copyright infringement against Defendant Milton; and (4) the Complaint's factual allegations are implausible or assert bare legal conclusions. Defendant Milton also argues that Count Four, a second claim for copyright infringement against Defendant Milton, should be dismissed because it is redundant and duplicative of Count Two. The Court will address each argument in turn.

*a. Copyright Infringement*

Defendants argue that Plaintiff has failed to state claims for copyright infringement because a copyright for pictoral, graphic or sculptural work does not protect "against the construction of the [building], even if they were copied from [that] design." ECF Nos. [25], at 8; [26], at 8. Defendants argue that "this Court should follow [] binding precedent [] to find that Milton cannot infringe on Plaintiff's Copyright *as a matter of law*." ECF No. [25], at 10 (emphasis added); ECF No. [26], at 10 (emphasis added). Plaintiff responds that dismissal is not appropriate on this ground because the authority cited by the Defendants also supports the proposition that a "defendant may still be liable for infringing on Plaintiff's copyright when it copies a copyrighted pictoral, graphic, or sculptural work under the meaning of 17 U.S.C. § 102. ECF No. [44], at 5.

To state a claim for copyright infringement a plaintiff must assert: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, (1991). "To satisfy *Feist's* first prong, a

plaintiff must prove that the work ... is original and that the plaintiff complied with applicable statutory formalities." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (citations omitted).

Here, Plaintiff has stated a claim for copyright infringement against Defendants by adequately alleging both of the required elements for a copyright infringement claim. Specifically, with regard to the first element—ownership of a valid copyright—Plaintiff alleged that it "owns a valid copyright for its plans and designs for the Project," and that "Swedroe's technical drawings and architectural work for the Project were submitted to the United States Copyright Office on February 28, 2018" ECF No. [1], at ¶¶ 20, 26. Plaintiff has also attached its Certificate of Copyright Registration as an exhibit to the Complaint. *See* ECF No. [1-4]. Thus, for purposes of a motion to dismiss, the Court finds that Swedroe has adequately alleged "ownership of a valid copyright." *Feist Publ'ns, Inc.*, 499 U.S. at 361.

Turning to the second prong—the copying of the constituent elements of the work that is original—the Court also finds that the Plaintiff has adequately alleged this element. In the Complaint, Plaintiff states that each of the Defendants copied "original elements" of Plaintiff's protected work. *See* ECF No. [1], at ¶¶ 30-33 ("Caymares copied original elements of Swedroe's plans and designs for the Project . . . Caymares Project design is at least substantially similar, if not strikingly similar, to Swedroe's design, both as to the exterior and interior portions of the building . . . Caymares made copies of its plans and drawings . . . for third parties including, but not limited to, the developers of the Project, contractors, subcontractors, engineers, real estate brokers and agents, print publications, and advertising agencies"); *see also id.* at ¶ 46 ("[Milton] made copies of the plans and designs, and distributed portions thereof, such as the exterior renderings and floor plan for a typical unit, to third parties.")

Defendants rely on *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 469 F. Supp. 2d 1148 (S.D. Fla. 2006), to support their argument that dismissal of Plaintiff's copyright infringement claims is appropriate at this stage. ECF No. [25], at 7-10; [26], at 7-10. The Court first notes that *Oravec v. Sunny Isles Luxury Ventures L.C.*, was dismissed at the summary judgment stage, not at the motion to dismiss stage of the proceedings. *Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1151 (S.D. Fla. 2006), *aff'd*, 527 F.3d 1218 (11th Cir. 2008). Further, the Court in *Oravec* found judgment in favor of the defendant because it found that the plaintiff's copyright did not protect "against the construction of the [] buildings, even if they were copied from [the plaintiff's] designs. Rather, the . . . copyright only protects that material as graphic designs (i.e., photos, models and similar graphic work) and prevents others from copying his work to create similar pictures or models without his consent." *Id.* at 1152. Here, Plaintiff has asserted that it holds a copyright for its Plans. ECF No. [1], at ¶¶ 20-21. As articulated in *Oravec*, ownership of such a copyright would protect the Plaintiff's Plans from being copied by someone else without prior authorization. This is the precise activity of which Plaintiff has alleged Defendants engaged. *Id.* at ¶¶ 30, 34, 46, 55, 76.

Accordingly, the Court concludes that it may not determine at this stage as a "matter of law" whether Plaintiff's copyright protects it from the activity alleged in the Complaint. Such a determination is premature in light of the lack of development of the factual record. The Court finds that Plaintiff has sufficiently alleged claims of copyright against the Defendants.

### b. *Factual Inconsistencies within the Complaint*

Next, Defendants argue that the Complaint should be dismissed because it contains a factual allegation, which is inconsistent with a specific fact revealed in an exhibit attached to the Complaint. ECF Nos. [25], at 10-11; [26], at 10-11. Specifically, Defendants contend that the

Complaint states that Milton is the owner of the Property, but the deed attached to the Complaint as "Exhibit A" indicates that the owner is actually "Dania Beach Rentals, LLC." ECF Nos. [25], at 11; [26], at 11. Plaintiff responds that dismissal is not appropriate on this ground because the owner of the property is irrelevant to its claims of copyright infringement against the Defendants. ECF No. [44], at 5.  Further, Plaintiff argues that "a party does not have to be an owner to be liable for copyright infringement." *Id.*

The inclusion of an inconsistent claim, while unartful, does not necessarily require dismissal.  *See Lady of America Franchise Corp. v. Advecor, Inc.*, No. 07-60156-CIV, 2007 WL 1489799, at *5 (S.D. Fla. May 18, 2007) (rejecting the argument that the documents attached to the complaint contradicted the allegations contained therein and required the dismissal of the plaintiff's breach of contract claim).  The Court agrees with the Plaintiff that the ownership of the Property is not material to the claims asserted in the Complaint.  Accordingly, dismissal on this ground is not appropriate.

### c. *Count Three – The Claim for Contributory Copyright Infringement Against Defendant Milton*

The Defendants next argue that Count Three, the claim for contributory copyright infringement against Defendant Milton, should be dismissed because the factual allegations supporting the claim are based on allegations, "which are insufficient, implausible or assert bare legal conclusions."  ECF No. [25], at 11-12; ECF NO. [26], at 12-13.  Defendants further assert that the Complaint "leaps to the legal conclusion" that Defendant Milton knew or should have known of Defendant Caymares' infringement of Plaintiff's copyright. ECF No. [25], at 11; ECF No. [26], at 12.

Contributory copyright infringement occurs where a party with knowledge of infringing activity materially contributes to the infringing conduct of another. *See Cable/Home Commc'n*

8

*Corp. v. Network Prods., Inc.,* 902 F.2d 829, 845 (11th Cir. 1990); *Casella v. Morris,* 820 F.2d 362, 365 (11th Cir. 1987); *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1162 (2d Cir. 1971). "[A]ctual knowledge is not required. All that must be shown [for contributory infringement] is that [defendant] had reason to know" of the infringing activity. *See Cable/Home,* 902 F.2d at 846 (citing *Casella v. Morris,* 820 F.2d 362, 365 (11th Cir. 1987)); *see also Faulkner v. Nat'l Geographic Society,* 211 F. Supp. 2d 450, 474 (S.D.N.Y.2002) ("Knowledge of the infringing activity may be actual or constructive. In other words, this prong is satisfied if the defendant knew or should have known of the infringing activity at the time of its material contribution.") (internal quotations and citations omitted); *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1020 (9th Cir. 2001) ("Contributory liability requires that the secondary infringer 'know or have reason to know' of direct infringement") (citation omitted).

Here, in addition to alleging that Defendant Milton "knew or should have known" of Caymares' alleged infringement of Plaintiff's Plans, Plaintiff has also asserted that the Plans were "available in the public record." ECF No. [1], at ¶ 59. Regarding the requisite "knowledge" element relating to a claim for contributory copyright infringement, all that must be alleged is that a defendant had reason to know of the alleged infringement. The Plaintiff has sufficiently alleged that Defendant Milton had "reason to know" of the infringing activity by Defendant Caymares through the availability of the Plans in the public record. In reviewing a "Rule 12(b)(6) [motion] for failure to state a claim, [courts] accept [] the factual allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiffs." *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014). Accordingly, at this stage, the Court construes the facts alleged in the light most favorable to the Plaintiff and disagrees with the Defendants that the Complaint is "implausible" on its face.

### d. Count Four – The Additional Claim for Copyright Infringement Against Defendant Milton

Defendant Milton also argues that Count Four of the Complaint, an additional claim for copyright infringement against Defendant Milton, should be dismissed because it is redundant and duplicative of Count Two. ECF No. [26], at 13-14. Plaintiff concedes in its Response to Defendant Milton's Motion that Count Four is duplicative and admits that the claim was included in error. ECF No. [45], at 8. Accordingly, based upon Plaintiff's concession, the Court will dismiss Count Four of the Complaint.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Caymares' Motion to Dismiss the Complaint, **ECF No. [25]**, is **DENIED**.

2. Defendant Milton's Motion to Dismiss the Complaint, **ECF No. [26]**, is **GRANTED in part and DENIED in part**.

3. Counts Four and Five of the Complaint, ECF No.[1], are **DISMISSED WITHOUT PREJUDICE.**

4. Defendants shall file their Answers to the Complaint **no later than March 18, 2019**.

**DONE AND ORDERED** in Miami, Florida, this 6th day of March, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 18-cv-62715-BLOOM/Valle

Counsel of Record